```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEXTGEN IP MANAGEMENT, LLC,

                    Plaintiff,

         -against-                              25-CV-06500 (MMG)

CLOUDLFARE, INC. et al.,                        **ORDER**

                    Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/2025

MARGARET M. GARNETT, United States District Judge:

    Defendant Cloudflare, Inc. ("Cloudflare") moves to stay this case pending the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, No. 24-171 (cert. granted June 30, 2025) ("*Cox*"). For the reasons set forth below, the claims against Cloudflare are hereby stayed, but the remainder of the case shall proceed.

    Plaintiff Nextgen IP Management, LLC ("Plaintiff") commenced this action on August 7, 2025, asserting claims against Spankbang.com, Beeg.com, and Anysex.com (the "Website Defendants") and four John Does (the "Doe Defendants") for direct copyright infringement, direct trademark infringement, and direct trademark counterfeiting, as well as claims against Cloudflare for contributory copyright infringement, vicarious copyright infringement, and contributory trademark infringement. *See* Dkt. No. 1. Plaintiff alleges that the Website Defendants and Doe Defendants have displayed and continue to display Plaintiff's copyrighted content on "pirate" internet sites without authorization. *See id.* 3–6. It further alleges that Cloudflare provides certain network and security services to those pirate sites, despite having received notice of the sites' infringing activities. *See id.* at 3–8; 31–37.

    By naming Cloudflare as a defendant, Plaintiff's complaint raises unsettled legal questions regarding the potential liability of a service provider for the infringing acts of its customers. On June 30, 2025, the Supreme Court granted certiorari on the question whether "a service provider can be held liable for 'materially contributing' to copyright infringement merely because it knew that people were using certain accounts to infringe and did not terminate access, without proof that the service provider affirmatively fostered infringement or otherwise intended to promote it." *Cox Commc'ns, Inc. v. Sony Music Ent.*, No. 24-171, 2025 WL 1787701, at *1 (U.S. June 30, 2025); Petition for Writ of Certiorari at i, 2024 WL 3860067 (U.S. Aug. 15, 2024). Although *Cox* concerns an internet service provider, lower courts have recognized that the Supreme Court's decision will likely implicate service providers more generally. *See, e.g., Cengage Learning, Inc. v. Google LLC*, No. 24-CV-04274 (JLR), 2025 WL 2431591, at *2 (S.D.N.Y. Aug. 22, 2025) ("[T]he question on which the Supreme Court granted certiorari is framed broadly enough that its decision may well shed light on liability for service providers generally (as opposed to, as Plaintiffs urge, internet service providers specifically)."); *Epidemic Sound, AB v. Meta Platforms, Inc.*, No. 22-CV-04223 (JSC), 2025 WL 2483158, at *5 (N.D. Cal. Aug. 28, 2025) ("[I]t is unlikely the Supreme Court's decision will be limited to 'pure [internet service providers]' as Epidemic asserts. Instead, the Supreme Court will likely resolve the circuit sp[l]it by clarifying the contributory infringement standard for digital service providers

2

more broadly."). Accordingly, Cloudflare seeks a stay of this action, arguing that "*Cox* will bear heavily on, if not control, the disposition of Cloudflare's anticipated motion to dismiss and the case more broadly." Dkt. No. 24 at 1.

District courts have broad discretion in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir.2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Five factors generally guide a court's discretion in deciding whether to stay an action:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 23-CV-07218 (JPC), 2024 WL 3252597, at *3 (S.D.N.Y. July 1, 2024).

Weighing these factors, the Court finds that a stay of the claims against Cloudflare would greatly serve the interests of the courts and improve judicial efficiency. "Courts within this Circuit have routinely stayed cases 'when a higher court is close to settling an important issue of law bearing on the action.'" *Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22-CV-3256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) (quoting *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012)). "A stay is proper even where the pending decision may not settle every question of fact and law before the court, but in all likelihood it will settle many and simplify them all." *Gonzalez de Fuente v. Preferred Home Care of New York LLC*, No. 18-CV-06749 (AMD), 2020 WL 738150, at *3 (E.D.N.Y. Feb. 13, 2020) (quotations omitted). The Supreme Court's decision in *Cox* will control a key issue in this case—whether Plaintiff's claim for contributory infringement is viable. Even if the Supreme Court's decision does not dispose of that issue, it will at the very least provide guidance to facilitate a simpler resolution. And while the decision in *Cox* will not directly address vicarious liability or contributory trademark infringement, which Plaintiff also asserts here, this Court may "properly exercise its staying power" to await a high court decision "bearing on the action," even when "the issues in such proceedings are [not] necessarily controlling on the [entire] action" in the lower court and "may not settle every question of fact and law." *Sikhs for Just.*, 893 F. Supp. 2d at 622.

No other interests outweigh the factors supporting a stay of the claims against Cloudflare. This case has just begun, and Plaintiff will not be significantly prejudiced by a delay in the proceedings against Cloudflare. Furthermore, there is no suggestion that third parties would be burdened by the stay, and a stay would serve the public interest by conserving judicial resources and, given Cloudflare's anticipated motion to dismiss, avoiding a whipsawing of outcomes should this Court decide a key legal issue only to have that decision countermanded by the Supreme Court in the foreseeable future. *See Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017) ("[A] stay in this case would promote the interests of non-parties and the public to conserve judicial resources and promote judicial economy.").

3

However, the relevant factors weigh differently with respect to the claims against the Website Defendants and Doe Defendants. The viability of those claims, which are for *direct* infringement, will not depend on the decision in *Cox*. Liability on the direct claims appears straightforward—indeed, the issue may not even be disputed. It would thus be highly prejudicial to force Plaintiff to stand aside while the alleged infringement continues. That concern is especially significant here, where Plaintiff faces potential hurdles in identifying the defendants and securing their participation in the proceedings. Not only would a stay needlessly delay any preliminary relief that Plaintiff may seek, but it would also waste valuable time for undertaking discovery on issues wholly unaffected by the anticipated decision in *Cox*— the only factor otherwise supporting a stay. Therefore, a stay of the claims against the Website Defendants and Doe Defendants is not warranted.

Accordingly, Defendants' motion is hereby GRANTED IN PART and DENIED IN PART. The claims against Cloudflare are STAYED pending the Supreme Court's decision in *Cox*. Within 14 days of that decision, the parties shall submit a joint status letter proposing next steps in this case. In the meantime, Plaintiff may not obtain discovery from Cloudflare except with Cloudflare's consent or pursuant to an order of this Court. Plaintiff is advised that, until the stay is lifted, the Court will strictly limit such discovery to information that Plaintiff shows to be necessary for the prosecution of its claims against the Website Defendants and Doe Defendants and obtainable only from Cloudflare as a third-party witness.

The claims against the Website Defendants and Doe Defendants will proceed along the ordinary course. The Court notes that today, November 5, 2025, is the deadline for Plaintiff to serve defendants with the complaint. By November 7, 2025, Plaintiff shall file a letter (1) stating the status of its efforts to serve the complaint on all defendants; (2) requesting, if necessary and with good cause, an extension of the time for service; and (3) stating whether it has been in communication with the Website Defendants and Doe Defendants and whether it expects them to appear.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 13 and 24.

Dated: November 5, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge