USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEXTGEN IP MANAGEMENT, LLC,

Plaintiff,

-against-

CLOUDFLARE, INC., et al.,

Defendants.

25-CV-06500 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff NextGen IP Management, LLC ("NextGen") owns a large library of self-produced and copyrighted adult entertainment content, which it alleges Defendants spankbang.com, anysex.com, beeg.com (the "Website Defendants") and familypornhd.com, incestflix.com, pornhoarder.tv, Xfreehd.com (the "John Doe Defendants") are infringing. *See* First Amended Complaint ("FAC") ¶¶ 23, 33. Defendant Cloudflare is an internet-based service provider for the John Doe Defendants and the Website Defendants, and NextGen alleges that Cloudflare is liable for contributory and vicarious copyright and trademark infringement for its role in hosting the allegedly infringing content. *Id.* at 10–13.

This case, commenced over a year ago, is marred by a tortured history of procedurally improper and technically deficient filings so severe that the Court is left only to guess the status of Plaintiff's desire to proceed. Plaintiff's dereliction over this case's life falls into three general buckets: (1) its failures to timely serve a number of defendants, even after the Court extended its deadline to do so—*see, e.g.*, Dkt. Nos. 32, 59; (2) its consistently deficient or noncompliant filings, which have been flagged by the Clerk's office and, in some cases, never cured—*see, e.g.*, Dkt. Nos. 50–55, 62–69, 74–75; and (3) its failure to abide by the rules of this Court and the Federal Rules of Civil Procedure.

As just one example, Cloudflare filed its first motion to dismiss on April 28, 2026, seeking dismissal of the Complaint for failure to state a claim. *See* Dkt. No. 47–48. NextGen missed its negotiated deadline to oppose the motion or amend its complaint, *see* Dkt. No. 58, and filed an Amended Complaint more than two weeks past that deadline, with no request for an extension of time or consent from Cloudflare, Dkt. No. 64. The Amended Complaint purports to have "dismissed" Cloudflare as a party. FAC ¶ 7. Despite that representation, the Amended Complaint perplexingly continues to list Cloudflare as a Defendant, *see id.* ¶ 10, and still includes a claim of relief for contributory trademark infringement against Cloudflare. *Id.* ¶¶ 51–53. As further illustration of NextGen's seeming unwillingness to apprise itself of this Court's filing system, that Amended Complaint was defectively filed, triggering a notification from the Clerk of the Court. *See* Dkt. No. 64. Twice more, on June 8 and June 10, NextGen attempted to refile—again triggering deficient pleading notices from the Clerk of the Court—and then,

apparently, completely abandoned its efforts. The Amended Complaint remains defective to date.

On July 31, 2026, Cloudflare filed a second motion to dismiss under Federal Rule of Civil Procedure 41(b) for failure to prosecute or, in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Dkt. No. 80 at 4, 9. Accompanying that motion, Cloudflare attached three emails its counsel sent to NextGen's counsel of record seeking clarity about whether NextGen intended to dismiss Cloudflare—none of which were responded to. Dkt. No. 81-2. Again, NextGen did not respond to or oppose that motion, and neither the Court nor Cloudflare has any clarity around whether NextGen consents to Cloudflare's dismissal from this case or whether it intends to continue prosecuting its claims against Cloudflare.

As another example, in May, NextGen filed a "notice of substitution of attorney." Dkt. No. 57. Despite the Court's subsequent Order advising that the "notice" does not comply with Local Rule 1.4 and that if counsel of record wishes to withdraw, he must so-move in compliance with those rules, *see* Dkt. No. 60, counsel of record has not filed a compliant motion to withdraw and has not been relieved by the Court, yet the Amended Complaint is signed only by a new attorney on behalf of NextGen.

In sum, despite efforts that go far beyond the Court's responsibilities in counseled civil cases, the Court does not know: (1) what the operative Complaint is; (2) who the intended Defendants are; or (3) who is representing the Plaintiff in this case.

**

Federal Rule of Civil Procedure 41(b) empowers courts to dismiss a case if "the plaintiff fails to prosecute" the case, fails "to comply with [the Federal Rules of Civil Procedure]," or fails to comply with court orders. Fed. R. Civ. P. 41(b). The "primary rationale" for dismissal pursuant to Rule 41(b) is "the failure of plaintiff in his duty to process his case diligently," and the Court's ability to dismiss under these circumstances "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)..[1] Indeed, the "court should not have to beg the parties before it to litigate the cases they initiate." *McLean v. City of New York.*, No. 04-CV-08353 (SAS), 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007).

The relevant factors for considering dismissal of a case for failure to prosecute under Rule 41(b) are: (1) the duration of the plaintiff's failures; (2) whether the plaintiff was on notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the court has adequately considered a sanction less drastic than dismissal. *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001). "[N]o one factor is dispositive," and the determination is based on the "record as a whole." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The decision to dismiss for

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

failure to prosecute is committed to the district court's discretion. *Ampudia v. Lloyd*, 531 F. App'x 32, 33–34 (2d Cir. 2013).

As to Cloudflare: as explained, Cloudflare has tried, and failed, to communicate with NextGen's counsel for a number of months. NextGen has failed to respond to either of Cloudflare's motions to dismiss, despite prior representations that it did not intend to proceed against Cloudflare. Cloudflare will undoubtedly be prejudiced by being forced to litigate, for all intents and purposes against itself, in perpetuity, and no lesser sanction can appropriately cure the prejudice Cloudflare has already suffered by NextGen's *de facto* abandonment of its claims against Cloudflare, let alone all future harm from doing anything other than dismissing them from this action. Finally, the Court has warned NextGen more than once that its repeated failures to meet deadlines and comply with Court orders would result in dismissals. *See* Dkt. Nos. 44, 59.

Accordingly, Defendant Cloudflare, Inc. is DISMISSED with prejudice, and the Clerk of the Court is respectfully directed to terminate Dkt. Nos. 47, 58, and 79.

If Plaintiff has any intention of proceeding with its claims against any other Defendants, Plaintiff must show good cause why the other Defendants, and the case writ large, should not be dismissed wholesale within **<u>five business days</u> of this Order**. By the same date, Plaintiff must cure all outstanding deficiencies relevant to its claims against any non-Cloudflare Defendant, including but not limited to those explained herein. If Plaintiff does not comply with this Order or if good cause is not shown, the remainder of this case **<u>will</u>** be dismissed.

Dated: November 12, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge